[No. 49172–1.   En Banc.   February 2, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH
A. MACRAE, *Petitioner.*

STAFFORD, J., did not participate in the disposition of this case.

*Paul F. Culotta,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Nicole K. Mac-Innes, Senior Deputy,* and *Thornton B. Hatter, Deputy,* for respondent.

*Douglas N. Jewett, City Attorney,* and *Augustin R. Jimenez, Assistant,* amici curiae for respondent.

DIMMICK, J.—Petitioner seeks review of a traffic citation "failure to use due care and caution", for which petitioner was assessed a monetary penalty. He argues that the statute does not create a separate, citable traffic offense, and that, if it does, it is unconstitutionally vague. We agree with his first contention and reverse.

On February 5, 1982, petitioner was driving his employer's semitractor, without trailer, approximately 30 m.p.h. in a 35 m.p.h. zone. As he approached the car ahead of him which was signaling for a left turn, he attempted to slow down by applying his brakes. A defective brake failed and he collided with the car.

The trooper investigating the accident determined that the defective brake was only a partial cause of the accident. The other factor was the tractor's lack of weight in the rear, which reduced the ability of the driver to stop the tractor. The trooper concluded that petitioner "should have been going slower" and cited him for failure to use due care, RCW 46.61.445.

At his district court hearing on the citation, petitioner moved for dismissal on the grounds that the statute enumerated no citable offense and/or was unconstitutionally vague. The District Court denied the motion and assessed a fine. Petitioner appealed to the Superior Court, which affirmed on both grounds.

We accepted discretionary review to determine whether the Legislature intended RCW 46.61.445 to create a citable traffic offense.

RCW 46.61.445 provides:

> Compliance with speed requirements of this chapter under the circumstances hereinabove set forth shall not relieve the operator of any vehicle from the further exercise of due care and caution as further circumstances shall require.

This statute is found in the rules of the road, in a subsection entitled "Speed Restrictions." The first provision in this subsection, RCW 46.61.400(1), sets out a basic speed limit rule:

> No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering

the highway in compliance with legal requirements and the duty of all persons to use due care.

This basic rule is followed by maximum limits for various circumstances, and other provisions related to lawful speed limits. RCW 46.61.445 is placed immediately after these specific rules.

The speed restriction section of the rules of the road has a long statutory history. Motor vehicle regulation was originally enacted in 1909, under a comprehensive criminal code. Laws of 1909, ch. 249, § 279. The 1909 law made it a misdemeanor to travel upon public roads at any unsafe or unreasonable rate of speed. In 1915, a new motor vehicle statute was enacted replacing the 1909 code. It stated that no person shall drive in other than a careful and prudent manner, nor at a greater speed than is reasonable and proper, having due regard for the conditions. Speed limits were established for certain specified circumstances. Laws of 1915, ch. 142, §§ 23, 24. With some minor changes, that section was retained through several amendments of the motor vehicle statute. *See* Laws of 1921, ch. 96, § 27; Laws of 1927, ch. 309, § 3(a).

In 1937, the language of RCW 46.61.445 appears for the first time. Laws of 1937, ch. 189, § 64. The 1937 amendatory act specifically repealed all the sections listed above. *See* Laws of 1937, ch. 189, § 152. Section 64 of the 1937 act reenacted a version of the old section requiring every person operating a vehicle upon the public highways to do so in a careful and prudent manner, *and* at a rate of speed no greater than is reasonable and proper under the conditions existing. Again, specified rates of speed were required for certain circumstances. In the same section, following the list of speed limits, the statute warned that compliance with such speeds under the listed circumstances did not relieve the operator from the further exercise of due care and caution as further circumstances required.

By 1961, section 64 of the 1937 act had been broken into several parts, each codified in a different section. The "careful and prudent" language at the beginning of section

64 was found in RCW 46.48.010, the various specific speed limit requirements were contained in RCW 46.48.020, and the language requiring further exercise of due care was placed in RCW 46.48.025. Laws of 1961, ch. 12, §§ 46.48-.010, .020, .025.

In 1963, the Legislature repealed RCW 46.48.010, and .020, but left RCW 46.48.025 intact. Laws of 1963, ch. 16, § 8. RCW 46.48.010 was replaced with language which is substantially the same as is now found in RCW 46.61.400(1), the basic speed limit rule.

The 1963 act made a significant change in the old "careful and prudent" section of the code. Until 1963, the duty of the driver had been phrased in the conjunctive, indicating a duty to drive in a careful and prudent manner *and* a duty to drive at a reasonable and proper speed. The 1963 changes eliminated the first phrase, retaining only the second duty with regard to reasonable and prudent speed. *See* Laws of 1963, ch. 16, § 1.

The language of the 1963 act is nearly identical to the comparable provision of the 1962 Uniform Vehicle Code (UVC). Nat'l Comm. on Uniform Traffic Laws & Ordinances, *Traffic Laws Annotated* § 11–801 (1979). The UVC does not, however, contain a provision like the "further exercise of due care" section of Washington law. By retaining that section, now found in RCW 46.61.445, Washington is unique among the uniform states. *Traffic Laws Annotated* § 11–801, at 226 n.9.

■ Review of this lengthy legislative history suggests that RCW 46.61.445, requiring "further exercise of due care", was originally enacted with reference to a long–standing statutory duty to operate a motor vehicle in a careful and prudent manner. The section's placement, at the end of a list of specific speed limits, underscores legislative concern that compliance with specified speed limits may not necessarily indicate compliance with the mandate to drive carefully and prudently where circumstances called for more than merely proceeding at a reasonable speed. As originally enacted, the "further exercise of due care" section

created no new duty; the duty was already stated at the beginning of the statute as a duty to drive in a careful and prudent manner. The section merely eliminated a "compliance with speed limit" defense to a charge of failure to drive carefully and prudently.

The 1963 version of the old RCW 46.48.010, and now the current version in RCW 46.61.400(1), phrases the driver's duty entirely in terms of the speed of the vehicle. Nowhere do the current "rules of the road" explicitly impose a duty to operate a vehicle in a careful and prudent manner other than with regard to speed, and other specified circumstances. *See, e.g.,* RCW 46.61.245 (driver shall exercise due care to avoid colliding with any pedestrian); RCW 46.61.145 (following more closely than is reasonable and prudent).

The assumption underlying the "rules of the road" is that a driver should at all times use due care. But we do not believe that, in rewriting the code in 1963, the Legislature intended to retain RCW 46.61.445 to serve as a specific offense, violation of which could be the basis for issuing a traffic citation. The language of RCW 46.61.445 is not well suited to the creation of a citable duty. The explanation most in keeping with its language is that the section was retained for its original purpose—to emphasize that compliance with a required speed limit is not a defense to other breaches of statutory duty. The Legislature has enacted very detailed, specific rules of the road which set out a driver's duty under various circumstances. Apparently, it was not considered necessary to continue in force the old "careful and prudent" section which, in the early days of motor vehicle regulation, enumerated the substance of a driver's duty.

The State expresses fears that our construction of RCW 46.61.445 will create a loophole in the rules of the road. The concern is that a law enforcement official apprehending a driver failing to use due care, but whose failure is unrelated to speeding or any other of the specific circumstances listed in the rules of the road, will be unable to issue a traffic citation. The lengthy, detailed rules of the road made such

an event unlikely. But if the loophole exists, it resulted from the legislative decision to repeal the old section explicitly codifying the duty to drive in a careful and prudent manner.[1]

Finding that RCW 46.61.445 creates no citable traffic offense, we reverse and remand for dismissal of petitioner's traffic citation.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

---

[1]The Department of Licensing reported over 30,000 citations for failure to use due care and caution between July 1980 and June 1982. The volume of such citations suggests that the issuing officers use RCW 46.61.445 as a "catch–all" when they are uncertain which specific statute might apply. For example, in this case, petitioner was told he "should have been going slower." The applicable statute would appear to be RCW 46.61.400(1) which requires reasonable and prudent speed with regard to actual and potential hazards, *i.e.,* "speed too fast for conditions."